IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

Timothy L. Jefferson,
Andrew L. Jefferson,
    PRO SE PLAINTIFF(S),

Vs.

Gov. Bill Lee,
Tony Parker,
State of Tennessee,
Lynn Jenkins,
Core Civic,
    Defendant(s),

No. 03-20 0469

RECEIVED in Clerk's Office JUN - 4 2020 U.S. District Court Middle District of TN

## COMPLAINT

1. The pro se plaintiff(s): Timothy Lynn Jefferson, and Andrew Levi Jefferson, bring this action for the purpose of asserting the right to relief jointly where arising out of the same series of occurrences; the question of law and facts are common to both plaintiff(s) that arose in this action; and under the

condition the prose plaintiff(s) cannot initially obtain legal representation, Respectfully and may it please the Court, the prose plaintiff(s) thus reserve said right in this action;

2. At all times mentioned in this complaint, defendant Governor Bill Lee, is now and all times mentioned in this complaint was, the duly appointed, qualified, and acting executive officer of the STATE of TENNESSEE, a political subdivision of the United States, organized and existing under and by virtue of the laws of the STATE of TENNESSEE;

3. Defendant, Tony Parker, Commissioner of the Tennessee Department of Correction, is now and at all times mentioned in this complaint was, the duly appointed, qualified, and acting officer in charge of the Tennessee Department of Correction, a political subdivision of the STATE of TENNESSEE, organized and existing under and by virtue of the laws of the STATE of TENNESSEE, and operated by defendant for the purpose of housing incarcerated persons over the age of (18) eighteen throughout the State;

2

4. Defendant Unit Manager Jenkins, a prison official of Core Civic, a private prison contractor, is now and at all times mentioned in this complaint was, the duly appointed, qualified, and acting Superintendent/Unit Manager of Delta Unit, a subdivision of Core Civic's Trousdale Turner Correctional Center, operated by defendant Core Civic as a place to house prisoners in the custody of the Tennessee Department of Correction, pursuant to an agreement with the Tennessee Department of Correction;

5. Months after the Coronavirus Pandemic was made public throughout the world, on April 29, 2020, the pro se plaintiff(s), in the custody of Tennessee Department of Correction, were housed in Delta-Charlie: Cell 219, at Core Civic's Trousdale Turner Correctional Center (a privately managed facility), under prison conditions that, considered in combination, amount to cruel and unusual punishment, because, defendant U/M Jenkins, acting in his official capacity, had informed Delta-Charlie's prison population that the Covid-19 Results had Returned; so he then acted on this information

3

by deciding to move prisoners who had been just rendered positive for Coronavirus/Covid-19 from Delta-Alpha, to be housed in the same pod with prisoners that were negative or had no results in regard to their status, without the prisoners rendered positive initially being subjected to quarantine, and without moving the negative prisoners out in Delta-Charlie;

6. After defendant, U/M Jenkins discovered that an exposure of the global plague known as Covid-19 was in Delta-Charlie based upon the results, the prose plaintiff(s) were not separated from the prisoners rendered positive for Covid-19, and were subjected to the oppressive prison environment where the conditions of cross-contamination in Delta-Charlie were abominable, and that should have been closed as unfit to house them as the prose plaintiff(s) at that point had not received any positive Covid-19 test results; nor had the prose plaintiff(s) been furnished sanitation materials for maintenance of reasonably sanitary conditions in the cell-219, that they were both housed in; and for maintenance of

4

reasonably sanitary shower facilities in Delta-Charlie, in the pod where (120) prisoners share (4) shower heads;

9. While housed in the same cell-219, in Delta-Charlie, because the prose plaintiff(s) had not received any results, and were still subjected to housing in Delta-Charlie's prison environment that exposed them to cross-contamination in the same pod with prisoners already diagnosed with positive Covid-19 test results, coupled with the fact that they were not furnished sanitation materials for maintenance of reasonably sanitary conditions in their cell, and the shower facilities where (120) prisoners share (4) shower heads, the STATE OF TENNESSEE and CORE CIVIC are liable for U/M Jenkins actions in his official capacity where the STATE OF TENNESSEE and CORE CIVIC overlooked prison warning signs when Covid-19 test should have already been done as their responsibility while plaintiff's were in their custody and/or housed at their prison facility; in which, the failure to train U/M Jenkins in this relevant respect evidences

5

a "deliberate indifference" to the prose plaintiff(s) rights, in that, this shortcoming is properly thought of as a "policy or custom" that is actionable;

8. Consequently, by the STATE OF TENNESSEE and CoreCivic's neglect that resulted in prose plaintiff's being positive for Covid-19, where unreasonably exposed to a situation that endangers their health, prose plaintiff's are entitled to relief where caused to be be subjected to the total prison environment that is unconstitutionally oppressive and in combination, amounts to cruel and unusual punishment;

9. The damages set forth above caused prose plaintiff(s) to be subjected to misery, mental anguish, mental pain, emotional harm and psychological stress and trauma, and prose plaintiff(s) were injured in their health, all to their damage in the sum of; ($100,000,000) one-hundred million dollars and cost;

Wherefore, for reparations, prose plaintiff(s) request:

6

1. Judgement against the defendants, and each of them jointly, when WM Jenkins was acting in official capacity, and singly, in the amount of ($100,000,000) one-hundred million dollars and cost, and a lien on all of the defendants accounts as allowed by law from the date of judgment until paid;

2. Cost of suit;

3. Such other and further relief as the Court deems just and proper.

Dated: June 1, 2020

T.T, O, L,
140 Macon Way
Hartsville, TN 37074

7

SWORN TO AND SUBSCRIBED TO ME ON THIS THE
16 DAY OF May 2020,

EXECUTED ON THIS THE 16 DAY OF May 2020,

NOTARY PUBLIC: Wendy

MY COMMISSION EXPIRES: 10/25/2021

PRO SE PLAINTIFF(S):

Timothy L. Jefferson,

Andrew K. Jefferson,

8

From: Timothy L. Jefferson #337014 &t.
T.T.C.C.
140 Macon Way
Hartsville, TN, 37074

[PRIVILEGED - LEGAL MAIL]

To:
Clerk of Court: Keith Throckmorton
801 Broadway Rm 800,
US Chss,
Nashville, TN, 37203



RECEIVED
in Clerk's Office
JUN - 4 2020
U.S. District Court
Middle District of TN

THE DEPARTMENT OF CORRECTION
TDOC HAS NEITHER INSPECTED
NOR CENSORED AND IS NOT
RESPONSIBLE FOR THE CONTENTS

JUN 0 3 2020