UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY L. JEFFERSON, and ANDREW L. JEFFERSON, | ) ) ) |
| Plaintiffs, | ) ) No. 3:20-cv-00469 |
| v. | ) ) ) |
| GOVERNOR BILL LEE, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Timothy L. Jefferson and Andrew L. Jefferson, inmates of the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, co-filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Governor Bill Lee, Tennessee Department of Correction Commissioner Tony Parker, State of Tennessee, TTCC Unit Manager f/n/u Jenkins, and Core Civic. (Doc. No. 1). Plaintiffs seek damages, costs, and other relief as the Court deems proper. (Id. at 7).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.  PLRA Screening Standard**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed in forma pauperis, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement. 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard

1

articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**II.     Section 1983 Standard**

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ."  To state a claim under Section 1983, a plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med.

Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

### III. Alleged Facts

The complaint alleges that, on April 29, 2020, Plaintiffs were housed in the Delta-Charlie pod of TTCC, awaiting the results of their COVID-19 testing. On that same date, Unit Manager Jenkins moved inmates from the Delta-Alpha pod who had tested positive for COVID-19 to the Delta-Charlie pod, combining inmates who had not yet received their test results with inmates who already had tested positive. Plaintiffs were not provided with sanitation materials "for maintenance of reasonably sanitary conditions in the cell." (Doc. No. 1 at 4). Plaintiffs and 118 other inmates shared four showers.

Ultimately, Plaintiffs tested positive for COVID-19. (Id. at 6). As a result, Plaintiffs experienced "misery, mental anguish, mental pain, emotional harm and psychological stress and trauma, and . . . were injured in their health." (Id.)

### IV. Analysis

First, Plaintiffs name the State of Tennessee and Governor Bill Lee, "the duly appointed, qualified, and acting executive officer of the State of Tennessee," as Defendants. (Doc. No. 1 at 2). Plaintiffs seek monetary damages from both Defendants.

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983" subject to suit for damages within the terms of the statute. Id.; see also Brooks v. Celeste, 39 F.3d 125, 129 (6th Cir. 1994) (citing Will, 491 U.S. at 71).

3

Additionally, the Eleventh Amendment to the United States Constitution bars actions in federal court by citizens against their own state, where state funds are potentially involved. Will, 491 U.S. at 71; Ky. v. Graham, 473 U.S. 159, 169-70 (1985). This immunity extends to a state governor as well. Boler v. Earley, 865 F.3d 391, 413 (6th Cir. 2017).

Thus, Plaintiff's claims against the State of Tennessee and Governor Bill Lee in his official capacity are not alleged against "persons" within the terms of Section 1983, and the claims against these Defendants for damages are barred by the Eleventh Amendment. These claims must be dismissed.

Next, the complaint names Tony Parker as a Defendant. Plaintiffs allege that Parker "was the duly appointed, qualified, and acting officer in change of the Tennessee Department of Correction, a political subdivision of the State of Tennessee . . . ." (Doc. No. 1 at 2). Parker, however, cannot be held liable solely because of his position as Commissioner. Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. at 676; see also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.1984). Consequently, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." Iqbal, 556 U.S. at 676. "There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates." Bellamy, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his or her subordinates, but fails to act, generally cannot be held liable in his or her

individual capacity. Grinter v. Knight, 532 F.3d 567, 575–76 (6th Cir. 2008); Gregory v. City of Louisville, 444 F.3d 725, 751 (6th Cir. 2006).

Here, Plaintiffs do not allege that Parker had any involvement in the decision of where to house inmates at TTCC or, more specifically, in the decision to move COVID-positive inmates into the same pod as COVID-negative inmates. Because Plaintiffs do not allege the personal involvement of Defendant Parker in the events set forth in the complaint, and because Plaintiffs cannot hold Parker responsible under the theory of respondeat superior, Plaintiffs have not established a basis for imposing individual liability on this Defendant. See Rizzo v. Goode, 423 U.S. 362, 371 (1976); Heyerman v. Cnty. of Calhoun, 680 F.3d 642, 647 (6th Cir. 2012). Thus, Plaintiff's claims against Commissioner Parker must be dismissed.

Third, the complaint identifies f/n/u Jenkins as "the duly appointed, qualified, and acting Superintendent/Unit Manager of Delta Unit, a subdivision of Core Civic's Trousdale Turner Correctional Center . . . ." and names him as a Defendant. (Doc. No. 1 at 3). The complaint alleges that it was Jenkins's decision to move inmates from the Delta-Alpha pod, who had tested positive for COVID-19, into the Delta-Charlie pod, with inmates who had not yet received their test results. Plaintiffs describe the ensuing conditions in Delta-Charlie pod as "abominable." (Doc. No. 1 at 4).

Claims regarding conditions of confinement are properly brought under Section 1983. McKissic v. Barr, No. 1:20-cv-526, 2020 WL 3496432, at *2 (W.D. Mich. June 29, 2020). "Courts have recognized that claims regarding the constitutionality of custody in prison because of risks posed by COVID-19 are principally claims regarding the conditions of confinement." Aultman v. Shoop, No. 2209-3304, 2020 WL 3869478, at *2 (S.D. Ohio July 9, 2020).

5

The Eighth Amendment requires that inmates be provided with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. See Grubbs v. Bradley, 552 F. Supp. 1052, 1119-24 (M.D. Tenn. 1982). That is because "[t]he Eighth Amendment to the United States Constitution imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be 'barbarous,' nor may it contravene society's 'evolving standards of decency.'" McKissic, 2020 WL 3496432, at *3 (quoting Rhodes v. Chapman, 452 U.S. 337, 345-46 (1981)). Under the Eighth Amendment, prison officials cannot engage in conduct that causes the "unnecessary and wanton infliction of pain." Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting Rhodes, 452 U.S. at 346).

To prevail on an Eighth Amendment claim, a prisoner must show that he or she faced a sufficiently serious risk to health or safety and that the defendant official acted with "'deliberate indifference' to [the prisoner's] health or safety." Mingus v. Butler, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); see also Helling v. McKinney, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Deliberate indifference requires the inmate to "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and then disregarded that risk." Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001) (citing Farmer, 511 U.S. at 837). The official must have a subjective "state of mind more blameworthy than negligence," akin to criminal recklessness. Farmer, 511 U.S. at 835, 839-40.

Here, Plaintiffs contend that, at TTCC, Defendant Jenkins acted with deliberate indifference by exposing Plaintiffs, who were COVID-negative, to a potentially deadly coronavirus when he made the decision to move inmates who had tested positive for COVID-19

6

Case 3:20-cv-00469   Document 8   Filed 08/10/20   Page 6 of 9 PageID #: 52

into Plaintiffs' pod. Plaintiffs contend that they were not provided with appropriate cleaning products or personal protective equipment (PPE) to protect themselves from the COVID-positive inmates while in such close quarters and while sharing a common shower area with over 100 other inmates, some of whom already had tested positive for COVID-19. Plaintiffs further contend that, after Jenkins moved COVID-positive inmates into Plaintiffs' pod, both Plaintiffs contracted COVID-19 and suffered emotional and physical injuries.

The Court finds that these allegations are sufficient to allege that Jenkins acted with reckless disregard to the serious risk COVID-19 poses. Consequently, Plaintiffs state a colorable Eighth Amendment claim under Section 1983 against Defendant Jenkins in his individual capacity. Cf. Cameron v. Bouchard, No. 20-1469, 2020 WL 3867393, at *5 (6th Cir. July 9, 2020) (finding that plaintiffs had not stated Eighth and Fourteenth Amendment claims where the evidence presented by plaintiffs was "insufficient to demonstrate that the jail officials acted with reckless disregard to the serious risk COVID-19 poses" because the steps that jail officials took to prevent the spread of COVID-19 "were reasonable"); McKissic v. Barr, No. 1:20-cv-526, 2020 WL 3496432, at *6 (W.D. Mich. June 29, 2020) (finding that inmate who alleged an Eighth Amendment claim under Section 1983 had failed to state a claim where there were "nonexistent levels of [COVID-19] infection" at his facility, defendants had taken "significant measures . . . to secure prisoner safety and prevent infection," and inmate's "speculation about the mere possibility that he will become infected does not rise to the level of an Eighth Amendment violation."). Under the circumstances alleged, Plaintiffs should have the opportunity to more fully develop this claim.

The complaint names Core Civic as the final Defendant to this action. Core Civic is the private corrections management firm that operates TTCC. Because it performs a traditional state function in operating a state prison, Core Civic acts under the color of state law. Street v. Corr.

7

Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996). However, unlike the State, Core Civic is not entitled to Eleventh Amendment immunity and may be liable under Section 1983 "if its official policies or customs resulted in injury to the plaintiff." O'Brien v. Mich. Dep't of Corr., 592 F. App'x 338, 341 (6th Cir. 2014); see also Mason v. Doe, No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right"). To hold Core Civic liable, Plaintiffs cannot rely on the theory of respondeat superior or vicarious liability. See Street, 102 F.3d at 818. Liability attaches only if Core Civic's policies were shown to be the "moving force" behind Plaintiffs' injuries. City of Canton v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989).

Here, Plaintiffs allege that Core Civic had a duty to train Defendant Jenkins on how to safely house inmates during the COVID-19 pandemic and, because Core Civic failed in its duty to train Jenkins, he created unconstitutional conditions of confinement in which Plaintiffs were exposed to and contracted COVID-19. Thus, Plaintiffs do more than "[m]erely posit[] a [failure-to-train] theory of legal liability that is unsupported by specific factual allegations . . . ." Newell v. Core Civic, Inc., No. 3:17-cv-01387, 2018 WL 3740759, at *5 (M.D. Tenn. Aug. 7, 2018). Plaintiffs allege that they were exposed to a substantial and readily apparent risk, and that they suffered physical and emotional harm as a result. Plaintiffs attribute their harm to the TTCC policy of failure to adequately train staff members in charge of inmate safety. The Court finds that these allegations state an Eighth Amendment claim under Section 1983 against Core Civic for purposes of the PLRA screening. See Oatsvall v. Core Civic, No. 3:19-cv-00837, 2019 WL 5842929, at *6 (M.D. Tenn. Nov. 7, 2019) (finding that prisoner-plaintiff stated a colorable Section 1983 claim against Core Civic based on allegations of facing a "pervasive, substantial, and readily apparent

risk," physical and emotional harm, and plaintiff attributed the pervasive danger to a number of TTCC policies including "a lack of training.").

Of course, Plaintiffs will bear the burden of supporting their allegations as to each Defendant, including Core Civic, with evidence as this case progresses. The Court simply finds that Plaintiffs' Eighth Amendment claims against TTCC Unit Manager f/n/u Jenkins and Core Civic survive the required screening under the PLRA.

## V. Conclusion

For the reasons explained herein, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against Defendants State of Tennessee, Governor Bill Lee, and Commissioner Tony Parker. However, Plaintiff's allegations against TTCC Unit Manager f/n/u Jenkins and Core Civic state colorable Eighth Amendment claims under Section 1983. These claims will proceed.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE