UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY L. JEFFERSON et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNOR BILL LEE et al., <br><br> Defendants. | Case No. 3:20-cv-00469 <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This civil rights action brought under 42 U.S.C. § 1983 arises from the incarceration of pro se Plaintiffs Timothy L. Jefferson and Andrew L. Jefferson at the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee. (Doc. No. 1.) On May 20, 2021, the Court noted that Plaintiffs' motions to amend their complaint and to proceed as a class action (Doc. Nos. 37, 38) and Timothy Jefferson's motion to cease and desist (Doc. No. 35) did not comply with the signature requirements of Federal Rule of Civil Procedure 11 and Local Rule 7.03(a). (Doc. No. 40.) The Court ordered Plaintiffs to refile signed copies of those motions and advised them that failure to do so would result in the unsigned motions being stricken under Rule 11. (*Id.*) Plaintiffs refiled a signed motion to amend their complaint and proceed as a class action (Doc. No. 41), but Timothy Jefferson has not refiled his motion to cease and desist. The motion to cease and desist (Doc. No. 35) will be stricken from the docket in this action.

Defendants Core Civic, Inc. and TTCC unit manager Daniel Jenkins responded to Plaintiffs' refiled motion to amend asking the Court to deny the refiled motion due to Plaintiffs' failure to include their mailing address with their signatures, as required by Federal Rule of Civil Procedure 11. (Doc. No. 42.) In light of Plaintiffs' pro se status and good faith effort to comply

with the Court's order, the Court will not strike Plaintiffs' refiled motion to amend and will instead consider that motion on its merits. *See* Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment ("Although [Rule 11's] standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings, the court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations." (citing *Haines v. Kerner*, 303 U.S. 519 (1972))).

For the reasons that follow, Plaintiffs' motion for leave to file an amended complaint will be denied.

**I.      Relevant Background**

Plaintiffs initiated this action on June 4, 2020, by jointly filing a complaint under 42 U.S.C. § 1983 against Defendants Governor Bill Lee, Tennessee Department of Correction Commissioner Tony Parker, the State of Tennessee, Jenkins, and Core Civic. (Doc. No. 1.) Plaintiffs allege that, on April 29, 2020, while they were awaiting the results of COVID-19 testing, Jenkins moved inmates who had tested positive for COVID-19 from TTCC's Delta-Alpha pod into the Delta-Charlie pod, where Plaintiffs were housed, without separating them from inmates who had tested negative or were awaiting results. (*Id.*) Plaintiffs claim that they shared four showers with 118 other inmates, were not provided with materials necessary to maintain "reasonably sanitary conditions in the cell[,]" and ultimately tested positive for COVID-19. (*Id.* at PageID# 4, ¶ 6.)

The Court granted Plaintiffs' applications to proceed *in forma pauperis* and screened their complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. (Doc. Nos. 8, 9.) The Court dismissed Plaintiffs' claims against Lee, Parker, and the State of Tennessee, but found that Plaintiffs had stated colorable Eighth Amendment claims against Core Civic and Jenkins in his individual capacity and allowed those claims to proceed. (Doc. Nos. 8, 9) Jefferson then filed a motion for

leave to file an amended complaint, seeking to add new allegations related to medical treatment he received from Dr. Lorrie Henson, class treatment under Rule 23, and additional monetary damages and a preliminary injunction. (Doc. Nos. 10, 11.) Because process had not yet been served on Defendants and no responsive pleadings had been filed, the Court denied those motions as moot and informed Plaintiffs that, under Rule 15(a)(1), they could file an amended complaint as a matter of course. (Doc. No. 13.) Plaintiffs did not file an amended complaint at that time, and the Court entered a scheduling order establishing litigation deadlines, including that any motion to amend a pleading must be filed by January 20, 2021. (Doc. No. 33.)

On April 1, 2021, and April 7, 2021, the Court received two identical unsigned motions from Plaintiffs seeking leave to amend their complaint and proceed as a class action. (Doc. Nos. 37, 38.) Plaintiffs filed another identical signed motion after being ordered to do so by the Court. (Doc. No. 41.) Plaintiffs argue that they that they would like to submit an audio-video recording as evidence of their claims and that they should be permitted to amend their complaint to plead additional facts in support of their Eighth Amendment claims and to bring claims on behalf of a class of TTCC inmates who were "exposed to unsafe and infectious conditions of confinement . . . ." (*Id.* at PageID# 186.) Defendants oppose the motion, arguing that the Court should deny it because: (1) Plaintiffs did not move to amend their complaint before the deadline set by the scheduling order; (2) Plaintiffs did not file a proposed amended complaint that complies with Local Rule 15.01; (3) Plaintiffs cannot represent a class while proceeding pro se; and (4) Plaintiffs do not need to amend their complaint to present evidence in support of their claims. (Doc. No. 39.) Plaintiffs have not filed an optional reply.

**II.**     **Legal Standard**

Federal Rule of Civil Procedure 15(a) typically governs motions to amend the pleadings before trial. Fed. R. Civ. P. 15(a). However, where, as here, a motion to amend is filed after the

3

deadline set forth in the Court's scheduling order, the standards of Rule 15(a) and Rule 16(b) apply. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Rule 16(b) provides that the deadline for amendment of pleadings set forth in the Court's scheduling order can be extended "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This rule was "designed to ensure that 'at some point both the parties and the pleadings will be fixed.'" *Leary*, 349 F.3d at 906 (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment). Thus, "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Id.* at 909. The "good cause" requirement in Rule 16 is only satisfied where the movant shows "that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014).

If the Court finds that good cause exists, it then considers whether amendment is appropriate under Rule 15. Rule 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" *Leary*, 349 F.3d at 905 (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to

dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *but see id.* (reviewing *de novo* district court's denial of "motion for leave to amend on the basis of futility"). Nevertheless, Sixth Circuit case law "'manifests "liberality in allowing amendments to a complaint."'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

**III.     Analysis**

Plaintiffs moved to amend their complaint over two months after the deadline to file amended pleadings in this action. Plaintiffs state that their motion was triggered by receiving an audio-video recording relevant to their claims. But Plaintiffs have not identified what information was obtained from that recording to justify an untimely motion to amend; nor is it clear when they obtained the recording. Because they have not shown "that the original deadline could not reasonably have been met despite due diligence . . . ," *Ross*, 567 F. App'x at 306, Plaintiffs have not shown that good cause exists to permit untimely amendment under Rule 16(b).

Even if Plaintiffs had shown good cause to file an untimely amended complaint, Defendants have correctly noted that Plaintiffs' motion to amend does not comply with Local Rule 15.01, which requires that a motion to amend must "include as an appended exhibit the signed proposed amended pleading" that "must restate the entirety of the pleading with amendments incorporated, rather than merely reciting the amended sections." M.D. Tenn. R. 15.01(a)–(b) (motions to amend pleadings).

Further, Plaintiffs may not amend their complaint to seek certification of a class action on behalf of other inmates because Plaintiffs are proceeding pro se. While pro se parties are permitted

5

Case 3:20-cv-00469   Document 58   Filed 08/23/21   Page 5 of 6 PageID #: 336

to "plead and conduct their own cases personally" without an attorney, 28 U.S.C. § 1654, non-attorneys are not authorized to bring suit on behalf of other people. *Freeman v. S. Health Partners*, No. 3:12-cv-990, 2012 WL 4903376, at *2 (M.D. Tenn. Oct. 16, 2012). Moreover, an incarcerated person proceeding pro se cannot fairly and adequately represent the interests of a class. *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)). Thus, any amendment to assert claims on behalf of a class would be futile.

Plaintiffs also state that they "are seeking to admit" the audio-video recording "into evidence." (Doc. No. 41, PageID# 184.) If Plaintiffs would like the Court to consider evidence in support of their claims, they must file that evidence as an exhibit to an appropriate motion, response, or pleading. Plaintiffs are encouraged to consult the Court's resources for pro se litigants, which are available on the Court's website and by mail upon request. *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

**IV.     Conclusion**

For these reasons, Plaintiffs' motion for leave to file an amended complaint (Doc. No. 41) is DENIED.

The Clerk of Court is DIRECTED TO ADMINISTRATIVELY TERMINATE Plaintiffs' unsigned motions for leave to file an amended complaint (Doc. Nos. 37, 38) and TO STRIKE Timothy Jefferson's motion to cease and desist (Doc. No. 35).

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge