UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY L. JEFFERSON, | ) |
| and ANDREW L. JEFFERSON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 3:20-cv-00469 |
| | ) |
| GOVERNOR BILL LEE, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Magistrate Judge Newbern has entered a Report and Recommendation (Doc. No. 59) in which she recommends that Defendants' Motion for Summary Judgment (Doc. No. 43) be granted and that Plaintiffs' Motion for Summary Judgment (Doc. No. 50) be denied. No objections have been filed. Instead, Plaintiff Thomas Jefferson filed a Request for Preliminary Injunction (Doc. No. 67), along with a Motion for Enlargement of Time (Doc. 70).

The Request for Preliminary Injunction will be denied because it seeks to enjoin Core Civic from enforcing "an illegal prison regulation" that bars Plaintiff "from independently carrying-on [Thomas Jefferson's] profession in the law, and from furnishing assistance to other prisoners as an independent, profession trained in the law[.]" (Doc. No. 67 at 3). He also claims Core Civic is not providing prisoners with an adequate law library. (Id. at 4). True or not, this has nothing to do with the facts of this case, which relate to his housing in a certain pod that allegedly resulted in "cross-contamination" from other prisoners who had contracted COVID-19 and were brought to the pod.

The Request for Enlargement of Time seeks an extension of time within which to file an amended complaint, and for the case and all deadlines to be stayed pending the outcome of his

requested injunction. This will be denied because an injunction will not issue in this case. Moreover, the time for amending the complaint expired on January 20, 2021, and the time for filing dispositive motions and supporting papers ran on July 20, 2021. (Doc. No. 33 at 1, 3).

That leaves the Report and Recommendation. Under Rule 72 of the Federal Rules of Civil Procedure the Court is required to review the matter *de novo*, and the Court has done so, including considering the filings that were made in support of, and in response to, the motions for summary judgment filed by both Plaintiffs and Defendants. The Court agrees with the recommended disposition because Plaintiffs have not shown that they exhausted their administrative remedies before filing suit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

Accordingly, the Court rules as follows:

(1) The Report and Recommendation (Doc. No. 59) is **ACCEPTED** and **APPROVED**;

(2) Defendants' Motion for Summary Judgment (Doc. No. 43) is **GRANTED**;

(3) Plaintiffs' Motion for Summary Judgment (Doc. No. 50) is **DENIED**; and

(4) Plaintiff Thomas Jefferson's Request for Preliminary Injunction (Doc. No. 67), and his Motion for Enlargement of Time (Doc. No. 70) are **DENIED**.

With these ruling, the pretrial conference scheduled for January 14, 2022 and the trial set to begin on January 25, 2022 are **CANCELLED**. The Clerk of the Court shall enter a final judgment in accordance with Rule 58, and close this file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE